. Hurí,, J.
The plaintiff in error in this case was also plaintiff below. He brought his action against the defendant to recover damages for injuries that he claims he sustained by reason of the negligence of the Traction Company in operating one of its street cars. The case was tried before the court and a jury and a verdict returned in favor of the defendant, and judgment entered thereon. It is to reverse this judgment that Packard brings this proceeding in error. The chief claim of the plaintiff in error is, that the judgment should be reversed for the reason that the verdict is not sustained by sufficient evidence, and is against the weight of evidence. He also claims that the court erred in its charge to the jury.
The plaintiff offered his testimony and that of his witnesses as to the transaction in question, and the only evidence offered by the defendant was that of a physician in regard to plaintiff’s injuries. The case stood as to the accident itself upon the testimony offered by the plaintiff. The question is, whether, under the evidence as offered by the plaintiff alone, the jury was justified in finding a verdict against him.
The plaintiff’s claim in his petition is, in substance, that about 6.30 o’clock in the morning of the day in question, the defendant stopped one of its cars near the crossing of the Rake Shore & Michigan Southern Railway track, and that the plaintiff attempted to get onto the car after it had stopped; that he took hold of the handle on one side of the car with his left hand, and got onto the step with one foot, and while he was about in that position, and while he was trying to get into the car, and before he had gotten in or had time to get in, the conductor negligently signaled the car to go ahead, and the motorman started the car with a sudden jerk, and the plaintiff was thrown off and dragged for some distance, and injured. He claims that the Traction Company was negligent in the conduct of its motorman and conductor at the time in question, and that the finding of the jury against his claim is against the evidence. His claim is that under the undisputed facts of the case he is entitled to recover. On the other hand, the claim of the Traction Company is, that the question as to *580 whether the motorman and conductor exercised ordinary care at the time in question was a proper question for the jury_, was fairly submitted to the jury, and that their finding cannot be disturbed.
It appears from the record that the plaintiff lived very near the crossing of the tracks of the Traction Company with the Fake Shore & Michigan Southern Railway Company, and that he had for some time been in the habit of getting on the car near this crossing, a statute of the state (section 3443-6, Revised Statutes) requiring the street railway company to stop its cars not less than ten nor more than fifty feet from the, railroad crossing. The plaintiff had been in the habit of taking advantage of this stop to get on the car and go down town to his work, and he testifies that on the morning in question he left his house about the usual time to go to work, and that he stood in the street waiting for the car for perhaps ten or fifteen minutes. He stood first at the edge of the curb, and finally, he says, he walked out in the street within, perhaps, three or four feet of the railway track. Finally a car approached. He made no signal to the car that he desired to take passage thereon, knowing, of course, that the car was compelled to stop at this point. The car stopped within the short distance fixed by the statute from the steam railway track. The conductor went ahead, as he was in the habit of doing, and to comply with the statute, to look out for approaching trains. About the time the conductor reached the steam railroad track the plaintiff took hold of the handle of the car, and put his left foot on the step or running board to get on. Just at this time the conductor, from the'steam railway crossing, signaled the motorman to go ahead. The motorman, without looking around or taking any notice of what was taking place at the car, started in the sudden way that electric cars are usually started, and the plaintiff’s foot was thrown off the running board, but he held on the handle, and was dragged across the steam railway track,' and was finally assisted into the car by a passenger. He went down town to his work, but claims that he suffered considerable injury from the accident, and on account of what occurred there. There is no evidence in the record that the conductor or th<? motorman had any actual notice that he intended to get on *581 the car. The plaintiff testified that he was within three or four feet of the track as the car approached. His wife testified that she looked out of the. window, and when she last saw him he was standing near,the telegraph pole, which would be at the curb. She was then called away for a moment, and' when she next looked out of- the window, he was being dragged, as she says, by the street car. Whether he was-standing within three or four feet of the railroad track as the car approached, or was standing back by the curb, is not entirely clear from the testimony- of these two witnesses — the-plaintiff and his wife. Their testimony may have been regarded by the jury as contradictory. In any event, he made-no signal, and gave no sign that he desired to take passage-upon this car; and, as the court charged the jury, there was-no evidence .that either the motorman or the conductor in fact knew that he desired to get on the car. The plaintiff testified' that he had been in the habit of getting on at this point, and' that others had.
The court submitted the question of the defendant’s alleged negligence to the jury as a question of fact to be determined' by them from the evidence, and said to the jury:
“On the other hand ,if you find from all the facts in the case that the conductor and the motorman, acting with that care, ordinarily would ascertain (and which they might have ascertained by the position of the plaintiff, taken in connection with all the other -circumstances in the case that have been-testified to), that he desired to become a passenger on the car, then your finding would be that they were chargeable with' notice, and the duty that they should discharge would immediately attach to them, and must be fulfilled and discharged.”
And the court in the preceding paragraph said this to the-jury:
“You will take all the facts and circumstances in the case and consider everything that has been brought out in the evidence here, and determine the question whether the employes-in charge of this car, exercising ordinary care, must have known that the plaintiff desired to become a passenger upon this car or not. If, in the exercise of ordinary care they would" not have known, there being no testimony here directly that: *582 notice was given to them.' by the plaintiff, in that case the plaintiff would not be entitled to recover.”
We find that the charge fáirly submitted to the jury the question as to whether the defendant did' exercise ordinary care or not.
■ We are of the opinion that the defendant’s agents, the motorman and the conductor, were not required as a matter of law to look before the car was started at this point, to see and ascertain whether any one was getting on the car, or was about to get on the car. Whether ordinary care required them to look, or whether by the exercise of ordinary care they would have known that plaintiff was about to -get on, is a question that the court submitted to the jury. The car at this point was stopped, not for the purpose of taking on passengers, but was stopped because by statute it was required to stop, while an employe went ahead and looked out for approaching trains. The stop was a very short one, and it is a matter of common Knowledge, that such stops are short. The car was stopped the statutory distance from the steam railroad track. The conductor 'had been standing at the front end of the car with the motorman, and as soon as the car. stopped he ran ahead to the steam railroad track, and looked up and down the track as quickly as he could, and, so far, as the evidence discloses, without turning his face in the direction of the car, gave the signal to the motorman to come ahead. The motorman, in the discharge of his duty after the conductor left the car, kept his eyes ahead, looking for the signal which the conductor was to give him, which would be either a signal to come ahead or a signal of dangerto remain where he was.
It was the duty of the conductor and the motorman at this place, under these circumstances, to give their attention to the crossing and to the approach of trains. The object and purpose of the. statute in requiring these precautions is to protect the.lives of the passengers who may be- on the car, and to protect them, from injury,, and the conductor and motorman were required to use care, and to use their faculties, in Obeying this statutory injunction; but. they were not required to • keep the car standing, still any .longer than was necessary to make the observation that the statute required.
A. C. Bowersox and B. L. Twing, for Plaintiff in Error.
Smith & Baker, for Defendant in Error.
The plaintiff knew all this: that this-stop was made only for the purpose of complying with the statute, that it would be only short, and that the conductor and motorman were engaged in the performance of their duties in complying with the statute. Those were things for him to take into consideration when he attempted to get upon the car at this point. Instead of getting on the car immediately after it stopped, it seems, he followed another passenger, into the seat, there being another passenger ahead of him, and he undertook to get into the same seat with this passenger. He was thus delayed in getting on the car until the start was made which threw bim off.
This question of negligence went to the jury, to be decided in the light of all the surrounding facts and circumstances.
Although some objection is now made to the charge, no ■exception was taken to it at the trial by either side, either general or special, and unless the charge was of such a character that we could say that the plaintiff was deprived of a fair trial, we could not reverse the case on account of any technical errors that might exist in it. But upon an examination o? the charge, we are of the opinion that the court stated the law correctly to the jury, and that there were no errors in the instructions given, and that the plaintiff had his case fairly submitted to the jury, both as to the questions of fact and as to the questions of law. Whether ordinary care was used or not, by the defendant, was a proper- question to submit to the jury, and we are of the opinion that the jury were warranted in finding, that the defendant was not guilty of negligence. The case cothes before us on review, not as triers of the fact, but to determine whether, as a matter of law, the verdict is sustained by sufficient evidence. In our judgment it is, and for that reason the judgment of the court of common pleas will be affirmed.